# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARVIN BUTLER, JR.,

        Petitioner,      :    Case No. 1:06-cv-751

  - vs -                            District Judge S. Arthur Spiegel
                                      Chief Magistrate Judge Michael R. Merz

MARK SAUNDERS, Warden,

        Respondent.     :

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for decision on the merits. Petitioner pleads four grounds for relief:

> **Ground One:** Denial of Right of Appeal and Access to the Courts.
>
> **Supporting Facts:** My counsel (appeal) ignored, refused to submit reversible error in my appeal and instead asked for my appeal to be dismissed for failure to find any arguments [sic] Also my rights to the courts were denied after seeking relief of legal help due to my non-ability to read, write, or speak which deprived me to the courts timely.
>
> **Ground Two:** Denial of effective counsel.
>
> **Supporting Facts:** For failing to raise reversible error at the trial level. And protect my rights which also deprived me [of] my civil rights, human rights, and constitutional rights.
>
> **Ground Three:** Sentence is cruel and unusual and multiple.
>
> **Supporting Facts:** My sentence is contrary to both federal and state laws. And cruel and the evidence does not support such sentence..
>
> **Ground Four:** Denied my rights as a human being.

> **Supporting Facts:** I am not able to spell, write, or read and even talk and was cruelly tooken [sic] advantage of my disabilitys [sic] and prevented from getting relief fairly in the courts.

(Petition, Doc. No. 3, at 5-6.)

## Procedural History

Petitioner was indicted in Butler County on October 30, 2002, on two counts of aggravated burglary and one count of robbery; each count had an appended firearm specification in Case No. CR2002-1705. In an earlier case, CR-2002-1338, Petitioner was convicted of two counts of burglary and one count of grand theft. On November 30, 2002, Petitioner pled guilty to some of the charges in both cases and the remaining charges were dismissed. On January 8, 2003, Petitioner was sentenced to a total of three years in CR-2002-1338; a week later he was sentenced to six years in CR2002-1705; the sentences in the two cases were ordered served consecutively to one another.

Represented by new counsel, Petitioner timely appealed to the Twelfth District Court of Appeals. However, his appellate counsel filed an *Anders*[1] brief and the court affirmed the conviction on December 31, 2003. Petitioner did not attempt a delayed appeal to the Ohio Supreme Court until July 27, 2005; the Ohio Supreme Court declined to take the case.

On October 26, 2005, shortly after the Ohio Supreme Court refused to hear the case, Petitioner filed an Application to Reopen his direct appeal which the Court of Appeals dismissed as untimely on December 6, 2005. Petitioner did not appeal from this decision to the Ohio Supreme Court. In the meantime, on November 30, 2004, Petitioner had filed a petition for post-conviction

---

[1] So called because it was approved in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

relief under Ohio Revised Code § 2953.21.  The Butler County Common Pleas Court dismissed the petition as untimely and Petitioner did not appeal.

The instant Petition for Writ of Habeas Corpus was signed October 24, 2006, and is deemed filed as of that date, although the Clerk did not receive it until November 2, 2006.  *Houston v. Lack,* 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

## Statute of Limitations

Respondent asserts that the Petition is barred by the statute of limitations (Return of Writ, Doc. No. 7, at 6).

28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As Respondent's calculation shows, the convictions here became final forty-five days after the Court of Appeals' decision of December 31, 2003, or on February 14, 2004. The statute began to run on the date and expired one year later unless some properly filed application for collateral review tolled its running. All of Petitioner's applications for collateral review were dismissed as untimely, so none of them were "properly filed" within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *accord, Allen v. Siebert,* 552 U.S. ___, 2007 U.S. LEXIS 12076 (2007)(an untimely post-conviction petition is not properly filed regardless of whether the time element is jurisdictional or an affirmative defense.)

Petitioner argues that the statute should be equitably tolled in this case. Equitable tolling is available in habeas corpus cases to which § 2244 applies. *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). In determining whether equitable tolling is appropriate, courts in the Sixth Circuit follow the test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988), in which the court "specifically identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir.2000)." *Dunlap, v. United States*, 250 F.3d 1001 (6th Cir. 2001). This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases. *Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002). "Absence of prejudice is to be

considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004), *quoting Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). "[I]gnorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004), *quoting Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)(holding the statute itself gives notice that the statute begins to run at the conclusion of direct review and does not restart based on the intervening commencement of state collateral proceedings). The burden is on the petitioner to demonstrate that he is entitled to equitable tolling. *Keenan v. Bagley*, 400 F.3d 417, 420-22 (6th Cir. 2005); *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004); *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003), citing *Graham Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir.2000). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561.

Petitioner's asserted basis for equitable tolling is that he is mentally retarded and under mental evaluation and medication. He asserts that this is established by the record, but offers no record references to show where this appears. To somewhat the same effect, he argues that he cannot read or write or speak properly, but these claims are belied by his filings in this case, which do not betoken illiteracy or mental retardation. As noted, the burden to establish entitlement to equitable tolling is on the petitioner. Here the Petitioner points to no evidence to support his claim that his mental status prevented him from filing in a timely manner. His claim for equitable tolling should be denied and the Petition dismissed with prejudice as barred by the statute of limitations.

**Procedural Default**

Respondent also asserts that all of Petitioner's claims are barred by his procedural defaults in raising them in the Ohio courts (Return of Writ, Doc. No. 7, at 11-16).

The standard for evaluating a procedural default defense is as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also Simpson v. Jones,* 238 F. 3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977);  *Engle v. Isaac*, 456 U.S. 107 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle v. Isaac*, 456 U.S. 107(1982);  *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485(1986); *Mapes v. Coyle,* 171 F. 3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).  Failure to present an issue to the state supreme court on discretionary review constitutes procedural default.  *O'Sullivan v. Boerckel*, 526

U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

> [The Sixth Circuit Court of Appeals] "applies a four-part test to determine whether a claim has been procedurally defaulted: (1) the court must determine that there is a state procedural rule with which the petitioner failed to comply; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) the state procedural rule must have been an adequate and independent state procedural ground upon which the state could rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for his failure to follow the rule and that actual prejudice resulted from the alleged constitutional error.

*Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Petitioner's first Ground for Relief, ineffective assistance of appellate counsel, is barred by his procedural default in presenting that claim to the Ohio courts. It is well established that the proper method to present such a claim is either on direct appeal to the Ohio Supreme Court or on application for reopening under Ohio App. R. 26. Petitioner chose the latter route, but his Application was dismissed because it was untimely. In noncapital cases, the timeliness rule for filing a 26(B) application is an adequate and independent state ground of decision. *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002).

Petitioner's Second Ground for Relief, ineffective assistance of trial counsel, is also barred by his procedural default in presenting this claim to the Ohio courts. The two ways such a claim can be presented are (1) on direct appeal for attorney errors which can be shown from the record and (2) by petition for post-conviction relief under Ohio Revised Code § 2953.21 for errors which require

proof from outside the trial record. In this case, Petitioner raised no claim of ineffective assistance of trial counsel in his direct appeal at all and his post-conviction petition was dismissed as untimely.

Petitioner's Third Ground for Relief, that his sentence is unconstitutional, is barred by his procedural default in failing to present that claim on direct appeal. His Fourth Ground for Relief was never presented to the state courts at all.

## Conclusion

All four Grounds for Relief are barred by Petitioner's procedural defaults in presenting them to the state courts. Even if the Court finds that Petitioner is entitled to equitable tolling, it should dismiss the Petition with prejudice as barred by procedural default. Because these conclusions would not be debatable among reasonable jurists, Petitioner should be denied any requested certificate of appealability and the privilege of appealing *in forma pauperis*.

November 26, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond

to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).